IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

MAY 1 3 2009

JEFFREY TOBER, *et al.*,          )
                                  )
            Plaintiffs,           )
                                  )   Civil Action No. 1:09cv346 (CMH/JFA)
     v.                           )
                                  )
APROV.COM, an Internet domain name, )
                                  )
            Defendant.            )
_____ )

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiffs' motion for an order to transfer the domain

name. (Docket no. 2).  Plaintiffs are individuals Jeffrey Tober and Sara Oxana Korsunova

Skeat, and IXIS Language Services ("plaintiffs").  Plaintiffs ask the court to transfer the

defendant domain name APROV.COM ("defendant" or the "domain name") to them.  Pursuant

to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his

proposed findings of fact and recommendations, a copy of which will be provided to all parties.

### Procedural Background

**Plaintiffs' Initial Action**

Plaintiffs filed a complaint against APROV.COM on December 13, 2007 alleging that

they had trademark rights in the domain name and claiming violation of the Anticybersquatting

Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d).  That case was captioned *Tober, et*

*al. v. APROV.COM*, 1:07cv1252 (LMB/TCB).  On April 15, 2008 the Honorable Leonie M.

Brinkema entered an order to show cause why the complaint should not be dismissed for

plaintiffs' failure to effect service upon the defendant.  In response, plaintiffs filed a motion for

an order to transfer the domain name and noticed it for a hearing on May 9, 2008. On May 13, 2008 the Honorable Theresa C. Buchanan, United States Magistrate Judge, denied the motion without prejudice finding that the plaintiffs had failed to provide notice by publication, as required by 15 U.S.C. §1125(d)(2)(A)(ii)(II)(bb), or to obtain court waiver of that requirement. On June 2, 2008 plaintiffs filed a motion regarding service of process alleging that actual notice of that lawsuit had been received by the registrant, as shown by the registrant responding to emails relating to the notice, and arguing that the court should waive the publication requirement. In support of that motion the plaintiffs submitted an affidavit from Cathy Maddasion indicating that she had sent a copy of the complaint with exhibits by email and first class mail to the registrant. On July 21, 2008 Magistrate Judge Buchanan entered a report recommending a finding that the court had subject matter jurisdiction over that case, that the court had *in rem* jurisdiction over the domain name, that the registrant had received actual notice of the lawsuit and that requiring publication would be wasteful since the registrant had actual notice of that lawsuit.[1] Magistrate Judge Buchanan also recommended that the plaintiffs' request to transfer the domain name be denied based on a lack of sufficient evidence to support their claim of common law trademark rights. On July 30, 2008 plaintiffs filed exceptions to the magistrate judge's findings related to the merits of their complaint. On September 23, 2008 District Judge Brinkema found that the proposed findings on service of process and the default status of the defendant were supported by the record and adopted those findings. Judge Brinkema then dismissed the complaint without prejudice finding that the plaintiffs failed to

---

[1] That report also addressed the merits of plaintiffs' complaint. The undersigned magistrate judge does not reach the merits of plaintiffs' claims in this proposed findings and recommendations for the reasons discussed herein.

allege that the APROV mark was used in commerce in the United States or used in foreign trade with United States citizens as required by the Lanham Act. On November 13, 2008 plaintiffs filed a motion to restore the case to the docket, which was denied on November 14, 2008.

**Plaintiffs' Current Action**

Plaintiffs filed their complaint in the pending action, 1:09cv346 (CMH/JFA), on April 2, 2009. (Docket no. 1). On April 8, 2009 plaintiffs filed a motion for an order to transfer domain name (Docket no. 2) and a waiver of oral argument on April 21, 2009 (Docket no. 4). In their motion, plaintiffs claim that the only reason Judge Brinkema dismissed the previous complaint was their failure to plead adequately use of the APROV mark in United States commerce. Plaintiffs claim that their new complaint adds allegations with regard to use of the APROV mark in United States commerce, and that as a result the domain name should be transferred to them. Plaintiffs' motion for an order to transfer the domain name and supporting memorandum does not indicate that any steps have been taken to provide the registrant with notice of the filing of this new complaint or to serve this new complaint or the motion to transfer on the registrant.

<u>**Service of Process**</u>

Under the ACPA, the owner of a mark may file an *in rem* action against a domain name in the judicial district in which the domain name registrar, domain name registry, or other domain name authority that registered or assigned the domain name is located, if the court finds that the owner is unable to obtain *in personam* jurisdiction over a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1). Plaintiffs allege that the registry for the domain name is VeriSign, Inc. and that VeriSign's principal place of business is located in Herndon, Virginia. (Compl. ¶ 18). Plaintiffs also allege that despite their due diligence, they have been unable to identify the registrant who would have been a defendant in an *in personam*

3

action. (Compl. ¶ 13). Based on those allegations, it appears that plaintiffs have established that proceeding *in rem* against the defendant domain name may be appropriate.

The ACPA provides that service of process in an *in rem* action may be accomplished by sending notice of the alleged violation and intent to proceed to the registrant of the domain name at the postal and e-mail address provided by the registrant to the registrar, and by publishing notice of the action as the court may direct promptly after filing of the action. 15 U.S.C. § 1125(d)(2). Plaintiffs repeat the same allegations that were in their initial complaint filed in 2007 in their current complaint concerning providing notice of this action to the registrant. (Compl. ¶¶ 14-15). Exhibit B to the complaint is a letter from Enrico Schaefer of Traverse Legal dated October 18, 2007, advising the recipient of an alleged violation of the ACPA and an intent to proceed with an action under 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(aa). Exhibit E to the complaint is a collection of emails dated October 16, 2007, October 23, 2007 and October 24, 2007, indicating that the registrant was aware of the plaintiffs' attempt to have the domain name transferred to them.

The complaint in this matter was filed on April 2, 2009. There is no indication that any notice of intent to proceed or a copy of the current complaint and motion to transfer has been provided to, or received by, the registrant. A letter and a collection of emails from late 2007 are insufficient to constitute notice of violation and intent to proceed *in this action*. Since it appears that no steps have been taken to serve the current complaint by the plaintiffs, the undersigned magistrate judge recommends that the motion to transfer domain name be denied.

.

4

## Notice

By means of the court's electronic filing system and by mailing a copy of this proposed findings of fact and recommendations to the registrant, the parties are notified that objections to this proposed findings of fact and recommendations must be filed within ten (10) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

The Clerk is hereby directed to mail a copy of this pleading to IXIS, c/o George Alex Wilkes, Suite 15, 2 Old Brompton Road, London, SW7 3DQ, Great Britian.

ENTERED this 13ʳᵈ day of May, 2009.

                                          /s/                    JFA
                                          John F. Anderson
                                          United States Magistrate Judge
                                          United States Magistrate Judge

Alexandria, Virginia

5